UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAMRIA IGLESIA EVANGELICA, INC. and SAMRIA EVANGELICAL CHURCH, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 18-10004-LTS |
| HECTOR LORENZO, JOSE DAVID OSORIO, NANCY MARIN, AIDA L. PEREZ, ELIEZER ANDUJAR, and IGLESIA DE DIOS CRISTO EL REY, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO AMEND (DOC. NO. 18) AND
MOTION TO DISMISS (DOC. NO. 7)

July 16, 2018

SOROKIN, J.

Plaintiff Samaria Iglesia Evangelica, Inc. ("Samaria PR"), on its own behalf and on behalf of Samaria Evangelical Church, Inc. ("Samaria MA"), filed this action seeking rescission of, and damages from, an allegedly improper transfer of a church building. Doc. No. 1. Defendants moved for dismissal of the Complaint for lack of diversity jurisdiction pursuant to 28 U.S.C. §1332 and for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1). Doc. No. 7. Plaintiff opposed.[1] Doc. No. 8. In order to assess both the jurisdiction and standing questions, the Court ordered the parties to file organizational documents relevant to Samaria PR's relationship to Samaria MA. Doc. No. 11. The parties responded with various documents and a joint report.

---

[1] Defendants' motion to strike Plaintiff's opposition as late-filed, Doc. No. 9, is DENIED.

Doc. Nos. 14, 16, and 17 (and attachments to each).[2]  Separately, Samaria PR moved for leave to file a First Amended Complaint 9 ("FAC"), Doc. No. 18, and Defendants opposed, Doc. No. 19.

For the reasons that follow, the Court ALLOWS Plaintiff's motion to amend (Doc. No. 18) and ALLOWS in part and DENIES in part Defendants' motion to dismiss (Doc. No. 7).

I.      BACKGROUND[3]

Samaria MA is a church corporation organized under the laws of Massachusetts and registered with the Secretary of the Commonwealth since June 21, 1971.  Doc. No. 18-2 at 1-5.  Samaria MA was incorporated with the stated purpose of "establishing and maintaining the public worship of God, in accordance with the principles and doctrines of the Bible and the Samaria Evangelical Church Rules with head curator in Palmer, Puerto Rico[.]"  Doc. No. 18-1 ¶¶ 9-10.  The initial Board of Directors of Samaria MA comprised five agents of Samaria PR.  Id. ¶¶ 14-15.  Samaria PR claims to have been at all relevant times Samaria MA's "only and controlling member on all essential matters."  Id. ¶ 19.  From its formation, Samaria MA has received various forms of financial support from Samaria PR.  Id. ¶¶ 19, 29-34.

On March 14, 1978, Samaria MA acquired a property located at 367 Dudley Street, Roxbury, Massachusetts.  Id. ¶ 20.  The deed to the property was recorded in Samaria MA's name and signed by one of Samaria MA's initial directors.  Id. ¶¶ 20-21.

---

[2] The Court DENIES Plaintiff's motion for reconsideration (Doc. No. 30).  The offered document was not timely filed; the Court previously had ordered the parties not to file further briefing without a request from the Court (see Doc. No. 22); and Defendants properly objected to the submission of this supplement.  In any event, the Court has reviewed the proposed supplement, and the supplement does not alter the Court's consideration of the issues pending.
[3] All facts are drawn from the FAC, Doc. No. 18-1, and attachments thereto.  In considering the motion to dismiss, the Court accepts the FAC's factual allegations as true except where otherwise noted.  Saldivar v. Racine, 818 F.3d 14, 16 (1st Cir. 2016).

2

On September 3, 2008, Samaria PR appointed Defendant Jose David Osorio to be Samaria MA's pastor.  Id. ¶ 33.  In a signed document memorializing the appointment, Osorio undertook to "[p]reserve the properties received and [to] not make any transactions with them without prior authorization."  Doc. No. 1-8 at  ¶ 3 (English translation of Spanish original at Doc. No. 1-7).

On November 16, 2015, persons purporting to be regular attendees at Samaria MA, including the individual Defendants, held a meeting and elected the individual Defendants to be the new directors of Samaria MA.  Doc. No. 18-1 ¶¶ 41-42.  This meeting was held without prior notice to the initial directors—still the directors of record—or to Samaria PR.  Id.  The Secretary of the Commonwealth recorded a notice of the change of directors on November 18, 2015.  Id. ¶ 43.

In April 2016, Samaria MA, acting through its new directors, sold the church property for $10 to Defendant Iglesia de Dios Cristo el Rey, Inc. ("Dios Cristo el Rey").  Defendant Osorio represented Dios Cristo el Rey in the sale.  Id. ¶ 46.  Defendant Hector Lorenzo, acting on behalf of Samaria MA, prepared a quitclaim deed in connection with the sale.  Doc. No. 18-2 at 23-25.

Samaria PR challenges both the election of new directors and the sale of the church property.  The FAC alleges, on behalf of Samaria MA, usurpation of corporate leadership (Count 1) and fraudulent transfer of property without authority or consideration (Counts 2, 3, and 4).  The FAC also alleges, on behalf of Samaria PR, violation of the corporate purpose of Samaria MA (Count 5), harm to Samaria PR's reputation (Count 6), loss of revenue from Samaria MA (Count 7), and breach of employment contract (Count 8).  Doc. No. 18-1.

II.     MOTION TO AMEND

Plaintiff seeks to amend the Complaint to add three of the individual Defendants—Eliezer Andujar, Aida Perez, and Nancy Marin—to existing Count 8, which alleges breach of employment contract.[4]  Doc. No. 18 ¶ 3.  Plaintiff relies on documents that it says establish that Samaria PR had employed these three Defendants to serve Samaria MA in certain roles: resignation letters signed by Marin and Andujar, Doc. Nos. 16-10 to 16-13, a certificate of appointment as co-missionary for Perez, Doc. Nos. 16-14 and 16-15, and "Appointments of Samaritan Workers" forms indicating acceptance of the position of "Evangelist" by Andujar, Doc. No. 20-1, "Admonisher" by Marin, Doc. No. 20-2, and "Co-Pastor" by Perez, Doc. No. 20-3.[5]  Defendants opposed the motion to amend, countering that these Defendants' appointments by Samaria PR to roles within Samaria MA did not create employment relationships between these Defendants and Samaria PR.  Doc. No. 19 at 3.

Fed. R. Civ. P. 15(a)(2) provides that leave to amend a complaint prior to trial should be "freely give[n] when justice so requires."  Defendants argue that the Court should nonetheless deny the motion because the amendment would be futile.  Doc. No. 19.  Here, however, the proposed amendment states a plausible claim for relief against these three Defendants, for reasons that the Court explains below.  Thus, Plaintiff's motion to amend (Doc. No. 18) is ALLOWED, and the Court deems the FAC to be the operative complaint in this matter.

---

[4] Other amendments in the FAC (i) provide additional factual assertions consistent with the proposed amendments to Count 8 and (ii) correct certain details misstated in the original Complaint.  The FAC does not otherwise alter the facts recited in the original Complaint.

[5] Plaintiff's Motion for Leave to File Documents (Doc. No. 26) is ALLOWED.  Despite the Court's prior order that no more filings shall be made on the motion to amend without a request from the Court (Doc. No. 22), Defendants raised no objection to Plaintiff's motion.  Moreover, the late-filed appointment forms are directly relevant to the existence of employment agreements between Samaria PR and these three Defendants.

III.     MOTION TO DISMISS

    A.     Claims on Behalf of Samaria MA

Defendants move to dismiss the claims brought on behalf of Samaria MA (Counts 1 through 4) on the grounds that Samaria PR lacks standing to bring a derivative action on Samaria MA's behalf. Doc. No. 7 at 7. A derivative action may be brought by "one or more <u>shareholders or members</u> of a corporation or an unincorporated association […] to enforce a right that the corporation or association may properly assert but has failed to enforce." Fed. R. Civ. P. 23.1(a) (emphasis added).[6] Defendants contend that Samaria PR is neither a shareholder nor a member and, thus, cannot bring claims on behalf of Samaria MA. Following careful review of the parties' documentary submissions,[7] the Court agrees.

Massachusetts law provides for incorporation of a church under M.G.L. c. 67, secs. 47-55.[8] Under Section 49, "the <u>resident members</u> of such church may assemble" at the time of incorporation "and by ballot elect … a standing committee … or a board of trustees, managers, directors, … and such other officers as they may deem necessary" (emphasis added). Upon incorporation, "[t]he church may make by-laws and may prescribe therein the manner in which and the officers and agents by whom the purposes of its incorporations may be effected."

---

[6] No party has suggested that the Court should apply Massachusetts law rather than federal law on the question of whether Samaria PR may bring a derivative suit on Samaria MA's behalf.

[7] Because Samaria PR's disputed claim to membership in Samaria MA implicates not only standing, but also diversity jurisdiction, the Court "address[es] the merits of the jurisdictional claim by resolving the factual disputes between the parties." Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). "In conducting this inquiry, the court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction." Id.

[8] Plaintiff argues that Chapter 180, rather than Chapter 67, governs. Plaintiff is mistaken. Even if Chapter 180 could apply to a religious organization like Samaria MA—a question not currently before the Court—Samaria MA's own Certificate of Organization indicates that Samaria MA was incorporated pursuant to Chapter 67. Doc. No. 1-4.

5

M.G.L. c. 67, sec. 50.  Nonetheless, Section 52 provides: "None but members of [the incorporated church] shall be members of such corporation, and only <u>resident members</u> shall vote" (emphasis added).  Samaria PR, a non-profit corporation organized and operating in Puerto Rico, is not a resident of Massachusetts.  Samaria PR therefore is not, and never could have been, a <u>resident</u> member of Samaria MA.

Nonetheless, Section 52 also provides that "any such corporation may, upon such conditions as it may prescribe, admit any regular financial supporters of the church to <u>associate membership</u>, with a vote upon financial questions only" (emphasis added).  Plaintiff asserts, in its reply to Defendants' motion to dismiss, that it "is at least an associate member of Samaria MA."[9]  Doc. No. 8 at 2-3 and 9.  Specifically, Plaintiff claims that it was Samaria MA's "only and controlling member" and *de facto* parent corporation at all relevant times; that it exercised administrative control of Samaria MA; that Plaintiff retained authority "to appoint and substitute the pastors and leadership of Samaria MA, including its directors and officers"; and that Samaria MA's officers continued to operate as Plaintiff's agents.  Id. at 1 and ¶¶ 19, 31, and 54.  Plaintiff maintains that "[s]uch authority was, at all times, unanimously accepted by all individuals that regularly attended Samaria MA as well as by the leadership of Samaria MA[.]"  Id. ¶ 32.  Plaintiff also cites its history of financial support for Samaria MA, including repayment of Samaria MA's tax burden, payment of Samaria MA pastors and missionaries, and receipt of

---

[9] Defendants insist that Samaria PR cannot be a resident member or an associate member because it is not a natural person.  Doc. No. 7 at 6 ("Quite simply, a non-profit corporation doesn't sit in the pews at Samaria MA[.]").  However, no provision in the applicable sections of Chapter 67 suggests that a non-natural person cannot be a member or associate member of an incorporated church, and the Court is aware of no case law that has so limited church membership.

6

monthly financial reports from Samaria MA continuing at least through March 2016. Doc. No. 17-1 at 1.

These facts, without more, do not establish or plausibly state a claim that Samaria PR is or has been an associate member of Samaria MA. Section 52 permits an incorporated church to designate associate members "upon such conditions as it may prescribe[.]" The parties have produced no bylaws or other documents indicating that Samaria MA affirmatively made Samaria PR an associate member at any point. Samaria PR's appointment of pastors and missionaries for Samaria MA and its supervision of Samaria MA's finances do not by themselves establish Samaria PR's associate membership in Samaria MA. See, e.g., Antioch Temple, Inc. v. Parekh, 383 Mass. 854, 861-62 (1981) ("[A] church may be hierarchical in terms of internal administration and discipline, and yet congregational as far as control and use of its property is concerned."). Even assuming, without deciding, that associate membership may arise merely through a pattern of conduct (i.e., absent express designation), the evidence submitted, even drawing all reasonable inferences in Plaintiff's favor, is insufficient to support a plausible claim by Samaria PR to associate membership in Samaria MA. All of the evidence merely supports the conclusion that, over the years, Samaria PR provided financial assistance that Samaria MA accepted and that sometimes came with certain conditions. None of the evidence suggests that Samaria PR as an <u>entity</u> ever enjoyed a <u>voting</u> right in Samaria MA on financial matters or otherwise. Indeed, when Samaria PR agents incorporated Samaria MA, they simply formed a Massachusetts church corporation, elected a board of directors, but created no special role for Samaria PR in the governance of Samaria MA.

Accordingly, Counts 1 through 4 are DISMISSED for lack of standing.[10]

---

[10] Defendants' challenge to diversity jurisdiction over these claims is therefore moot.

B.  Claims on Behalf of Samaria PR

In ruling on the motion to dismiss Counts 5-8 brought by Samaria PR on its own behalf, the Court applies the familiar standard governing Rule 12(b)(6) motions. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation and internal quotation marks omitted).[11]

In Count 5, Plaintiff alleges that the Defendants acted contrary to the purpose for which Samaria MA was created, in violation of the Articles and Certificate of Incorporation of MA. Doc. No. 18-1 at 9-10. Specifically, Plaintiff claims that Defendants' departure from the purpose, and failure to change the purpose in accordance with rules of Massachusetts corporate law, "disenfranched Samaria PR from its status as only and controlling member of Samaria MA[.]" Id. Because the Court has determined that Samaria PR is not, in fact, a member of Samaria MA under relevant Massachusetts law, Samaria PR does not have standing to sue for violation of Samaria MA's corporate purpose. The Court therefore DISMISSES Count 5.

Plaintiff alleges in Count 6 that Defendants spread false information about Samaria PR and "also defamed some members of the leadership of Samaria PR and/or some of its affiliated corporations throughout the United States." Doc. No. 18-1 ¶ 78. Under Massachusetts law, defamation is "the publication of material by one without a privilege to do so which ridicules or treats the plaintiff with contempt." N. Shore Pharmacy Servs., Inc. v. Breslin Assocs. Consulting LLC, 491 F.Supp.2d 111, 124 (D. Mass.2007) (quoting Correllas v. Viveiros, 410 Mass. 314, 319 (1991)). Although the Federal Rules of Civil Procedure do not require Plaintiff to set forth

---

[11] The Court declines to grant Plaintiff's request for additional briefing in favor of its claims in Counts 5-8, Doc. No. 8 at 2 n. 2, in light of the already extensive briefing in this case.

the alleged defamatory statements verbatim, Plaintiff is required to "set forth … allegations in support of its defamation claim that [a]re sufficient to give the [defendant] fair notice of its claim and the grounds upon which it rests." N. Shore Pharmacy Servs., Inc., 491 F.Supp.2d at 124. Here, Plaintiff fails to plead even the context, timing, or recipient of any statement that it alleges "affect[ed] its reputation." Doc. No. 18-1 ¶ 78. The Court thus DISMISSES Count 6.

In Count 7, Plaintiff asserts that Defendants have prevented and continue to prevent Samaria MA from paying dues owed to Samaria PR. To state a claim for intentional interference with contractual relations, Plaintiff must demonstrate that (1) Plaintiff had a contract with Samaria MA; (2) that Defendants knowingly induced Samaria MA to break the contract; (3) that Defendants' interference was intentional and improper in motive or means; and (4) that Plaintiff was harmed by Defendants' actions. Am. Paper Recycling Corp. v. IHC Corp., 707 F.Supp.2d 114, 122 (D. Mass. 2010). In the FAC, Plaintiff alleges the existence of a contract between Samaria MA and Samaria PR; a course of actions taken by Defendants to act on behalf of Samaria MA and to transfer Samaria MA property to Dios Cristo El Rey; and a diversion of dues contractually payable to Samaria PR to Dios Cristo El Rey. These allegations state a plausible claim for relief. The Court thus DENIES the motion to dismiss with respect to Count 7.

Finally, Count 8 alleges that individual Defendants Osorio, Andujar, Perez, and Marin each breached the terms of his or her respective employment agreement with Samaria PR. To state a claim for breach of contract, Plaintiff must allege that a valid, binding contract existed, that the specified Defendants breached the terms of the contract, and that Plaintiff sustained damages as a result of the breach. See Michelson v. Digital Fin. Servs., 167 F.3d 715, 720 (1st Cir. 1999). Moreover, Plaintiff must describe with "substantial certainty" the specific contractual promise the Defendants breached. Buck v. Am. Airlines, Inc., 476 F.3d 29, 38 (1st

Cir. 2007). Plaintiff submits as an exhibit to the FAC an "Appointments to Samaritan Workers" form indicating Osorio's acceptance of the position of pastor at Samaria MA. Doc. No. 18-2 at 13-15. The form contains an undertaking to "[p]reserve the properties received and [to] not make any transactions with them without prior authorization." Id. ¶ 3 (English translation, which Defendants do not contest). The FAC refers to identical provisions in the alleged agreements with Andujar, Perez, and Marin. Plaintiff alleges that these Defendants disregarded this contractual obligation by conveying the church property to Dios Cristo El Rey. Doc. No. 18-1 at 11. Because the FAC asserts a plausible claim for breach of contract against these Defendants, the Court DENIES the motion to dismiss with respect to Count 8.

IV. CONCLUSION

For the foregoing reasons, the Court ALLOWS Plaintiff's motion to amend (Doc. No. 18) and, further, ALLOWS Defendants' motion to dismiss (Doc. No. 7) as to Counts 1-6 and DENIES the motion as to Counts 7 and 8. Defendants shall file an answer to Counts 7 and 8 within 14 days, and the Clerk shall schedule a Rule 16 conference thereafter in the ordinary course.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge