UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SAMARIA IGLESIA EVANGELICA, INC. and SAMARIA EVANGELICAL CHURCH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HECTOR LORENZO, JOSE DAVID OSORIO, NANCY MARIN, AIDA L. PEREZ, ELIEZER ANDUJAR, and IGLESIA DE DIOS CRISTO EL REY, INC., <br><br> Defendants. | Civil Action No. 1:18-cv-10004-LTS |

ORDER ON MOTION TO DISMISS (DOC. NO. 37), MOTION TO AMEND (DOC. NO. 39), AND MOTION TO STRIKE THE REPLY (DOC. NO. 42)

September 5, 2018

SOROKIN, J.

Three motions are pending before the court.

1. Plaintiff answered the Defendants' counterclaims on August 9, 2018. Doc. No. 36. The next day, Plaintiff moved to dismiss the counterclaims under Rule 12. Doc. No. 37. The Motion to Dismiss (Doc. No. 37) is DENIED in its entirety. Once a party has answered, the opportunity to move to dismiss has passed. Instead, the party must move for judgment on the pleadings or seek another form of relief. In addition to failing on procedural grounds, the Motion to Dismiss fails on the merits. In light of the second and third letters alleged in the counterclaim (Doc. No. 34), the Defendants have plausibly pled a claim for defamation in Counterclaim 1. The challenge to Counterclaim 2 is also denied, as it too plausibly states a claim.

2. Approximately twenty months ago, on January 9, 2017, Plaintiff, in Suffolk Superior Court, filed its first complaint arising out of this dispute. Doc. No. 7-2. Just three weeks later, Plaintiff revised its complaint and filed, again in Superior Court, its First Amended Complaint on January 30, 2017. Id. During the next six months Plaintiff filed and later withdrew a motion for injunctive relief, and, after defendants filed a motion to dismiss, Plaintiff again revised its complaint, filing a Second Amended Complaint on July 13, 2017. Id. Defendant Lorenzo promptly moved to dismiss this complaint as well. Rather than oppose the motion, Plaintiff filed a notice of voluntary dismissal, and the Superior Court dismissed the action without prejudice on August 22, 2017. Id.[1] Five months after dismissing the third version of the complaint it had filed in state court, on January 2, 2018, Plaintiff filed in this Court another complaint, its fourth attempt, arising out of the same dispute (Doc. No. 1). Defendants moved to dismiss this complaint; Plaintiff responded, in part, by seeking leave to amend the complaint. In course of ruling on the motion to dismiss, the Court allowed the amendment. (Doc. No. 31). Thus, the First Amended Complaint, Doc. No. 32, is the presently operative complaint to the extent the claims survived the Court's ruling on the Defendant's Motion to Dismiss (Doc. No. 31).

Now, Plaintiff seeks leave to file still another amended complaint; its third try at a complaint in this action and its sixth overall. The revisions Plaintiff wants to make are ones which it could have included in either the original complaint or the First Amended Complaint, neither of which were Plaintiff's first attempt at pleading its claims. Plaintiff could have

---

[1] The Court takes judicial notice of the Superior Court docket filed in this action. While no party has filed the various state court complaints, based upon the dockets, the parties are overlapping. Defendants assert that the state court claims arose out of the same general factual circumstances that give rise to the present action and Plaintiff has not contended otherwise. In these circumstances, the Court considers both actions as arising out of the same common nucleus of operative facts.

reasonably anticipated even those revisions which arguably respond to rulings of the Court, and could have included the allegations initially by pleading them directly or in the alternative. The amendment process is not available simply to permit a party to revise its pleadings continually. "Though a court should freely give leave when justice so requires, it has discretion to deny such a request for reasons including undue delay, bad faith or dilatory motive, undue prejudice, or futility of amendment." In re Montreal, Maine & Atl. Ry., Ltd., 888 F.3d 1, 12 (1st Cir. 2018) (internal quotation marks and citations omitted). Given the undue delay, the Motion to Amend (Doc. No. 39) is DENIED.

    3. Finally, the Motion to Strike the Reply (Doc. No. 41) is DENIED.

                              SO ORDERED.

                              /s/ Leo T. Sorokin
                              Leo T. Sorokin
                              United States District Judge